JUAN DURÁN ORTIZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 806.—*Sometido:* Abril 6, 1930. *Resuelto:* Abril 11, 1930.

*García Méndez & García Méndez,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 26 de febrero de 1927 comparecieron ante el abogado y notario público J. B. García Méndez, en el pueblo de Las Marías, Concepción Ortiz viuda de Durán y Juan Durán y Ortiz. El notario al comenzar la escritura dió fe del conocimiento personal de los comparecientes y de sus circunstancias por sus manifestaciones. Aseguran tener y tienen a mi juicio, expresó, la capacidad legal necesaria para este acto.

Procedióse entonces a la formalización del contrato por virtud del cual la Sra. Ortiz dueña de dos condominios, uno de $1,933.92 y otro de $1,096.64, en una finca rústica que se describe, valorada en $3,418.02, los vendió al otro compareciente señor Durán por el valor indicado, pagando el comprador $1,933.92 y reservándose el resto de $1,096.64 "para satisfacer la hipoteca que grava la descrita finca a favor del Federal Land Bank of Baltimore".

Después de terminado el documento, pero antes de ser firmado por las partes y testigos y autorizado por el notario, se consignó lo que sigue:

"En este estado se deja aclarado que en este otorgamiento ha concurrido el doctor don Miguel Rodríguez Cancio y Vendrell, mayor de edad, casado, médico cirujano y vecino de San Sebastián, a fin de dictaminar sobre el estado mental y capacidad mental de la compareciente doña Concepción Ortiz viuda de Durán, a quien, después de un examen detenido y de haber conversado con ella procurando convencerse de su verdadero estado mental, encontró en perfecto estado de sus facultades mentales e intelectuales y en el pleno dominio de su voluntad, por lo que, en testimonio de ello, suscribe la presente escritura.

"Y Yo el Notario, de todo lo expuesto, y de aceptarlo los otorgantes, repito la fe."

Se presentó la escritura en el registro correspondiente y el registrador se negó a inscribirla por los siguientes motivos:

"Porque la aclaración hecha al final de este documento sobre la capacidad de la otorgante Concepción Ortiz, vda. de Durán, para celebrar el contrato aludido de venta, deja sin efecto y pone en duda el juicio que de dicha capacidad expresa el notario autorizante, el cual es sustituído por el dictamen de un médico-cirujano en contravención de lo dispuesto en los Artículos 253, 254 y 255 del Código Civil que regula el procedimiento ante la Corte de Distrito correspondiente para que ésta declare la incapacidad o capacidad de las personas, en caso de controversia, y porque, además, el notario no da fe del conocimiento personal del compareciente, Doctor Miguel Rodríguez Cancio y Vendrell, y, también en cuanto al condominio por $1,096.64 que para pago de una hipoteca a favor de The Federal Land Bank of Baltimore tiene en la finca la vendedora, por haber

sido adjudicado expresamente con dicho fin y no para su venta, sin que aparezca que tal hipoteca haya sido satisfecha."

El primer motivo de la negativa no está bien fundado, a nuestro juicio. Es algo realmente raro y que no hay duda alguna que debilita la afirmación del propio notario con respecto a la capacidad de la vendedora, la comparecencia del Dr. Rodríguez Cancio, pero no creemos que pueda llegarse al extremo de concluir que la afirmación quede sin efecto a virtud de la comparecencia. Esta puede considerarse como algo que está de más, que abunda pero no daña, y adoptando tal criterio es evidente que no hay que considerar siquiera la aplicabilidad al caso de los preceptos del Código Civil citados en su nota por el registrador.

Si la comparecencia del doctor se tiene por innecesaria y superabundante, huelga considerar si el notario dió o no dió fe debidamente del conocimiento personal del mismo. No existe el segundo motivo de la negativa.

Sosteniendo el tercero dice el registrador en su alegato:

"Según aparece del Registro, . . . a la Sra. Concepción Ortiz, viuda de Durán se le adjudicó en dicha finca valorada en $3,418.03 un condominio por la suma de $1,096.64, en unión de otro que también vendió por la referida escritura, para pago con el primero de la hipoteca del Federal Land Bank of Baltimore, de la cual se ha hecho cargo dicha viuda y que pesa sobre dicha finca, todo según escritura de protocolización No. 12, de partición de bienes, . . . Si la ley del contrato de partición de herencia es la voluntad de los herederos, al adjudicar éstos a la viuda mencionada el referido condominio, dicho se está que lo hicieron para pago de la expresada deuda hipotecaria al Banco Federal, sin que tal adjudicación constituya una enajenación de bienes a favor de la adjudicataria, sino por el contrario constituye un acto de partición a favor de la misma con la obligación (trust) de pagar tal deuda; y habiendo violado esa ley la adjudicataria enajenando dicho condominio a un tercero, a cuya voluntad queda encomendado tal pago, que lo puede hacer o dejar de hacer, no es inscribible tampoco el referido condominio.

Creemos que dada la forma en que aparece redactado el

documento, es perfectamente inscribible. Adoptaremos el razonamiento del recurrente para basar nuestra conclusión. Es así:

"Por virtud de lo consignado en la escritura, se demuestra que el precio del condominio que se vende es de $3,030.56, pero como la finca está gravada al Federal Land Bank of Baltimore, el adquirente se reserva el importe de ese gravamen para satisfacer el crédito hipotecario en su día. La circunstancia de que la finca hubiera sido adjudicada a doña Concepción Ortiz Viuda de Durán para el pago de dicha hipoteca no juega papel en el asunto, pues el hecho de traspasar su condominio doña Concepción Ortiz Viuda de Durán a otra persona no varía en forma alguna la garantía que a su favor tiene el acreedor hipotecario, pues la hipoteca es inseparable del inmueble sobre el cual está constituída, independientemente de las trasmisiones que del inmueble mismo se hagan. Si por virtud de haberse adjudicado a la compareciente el condominio de la finca de referencia para el pago del crédito al Banco Federal, dicha doña Concepción Ortiz Viuda de Durán ha incurrido en cualquiera otra obligación, ello sería una cuestión de orden personal, que no puede afectar el inmueble ni impedir su trasmisión hasta que se haya efectuado el pago del crédito hipotecario. Sostener lo contrario implicaría el desvirtuar el verdadero propósito de la Ley Hipotecaria que es facilitar las trasmisiones de los inmuebles y derechos reales sobre los mismos, asegurando los derechos de los contratantes y levantando de ese modo el crédito territorial. . ."

"Otra cosa sería si se tratara de una adjudicación para el pago de determinadas deudas cuya mención en el Registro no pudiera afectar a tercero, pues en ese caso, para hacer la trasmisión, tal vez sería necesario acreditar que se habían satisfecho las deudas."

*Debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*