CHARLES M. AXTMAYER, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 826.—*Sometido:* Noviembre 26, 1930. *Resuelto:* Diciembre 9, 1930.

*Pellón & Ayuso,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En el testamento de D. Francisco de Paula Acuña y Paniagua, vigente por fallecimiento del testador, hay una cláusula que dice así:

"Lega a doña Inés Caballer y Schallon la casa número treinta y uno de la calle de San Sebastián de esta ciudad, y seis mil dólares más a cuyo pago se aplicará mil dólares del crédito hipotecario a favor del otorgante, constituído por don Francisco A. Crescioni, sobre un solar con casa en Miramar barrio de Santurce, si existiese dicho crédito a su fallecimiento."

Don Francisco, Doña Isabelita y Doña Teresita, Acuña Aybar, como herederos testamentarios de Don Francisco Acuña y Paniagua, comparecieron ante el Notario Don Antonio Ayuso Valdivieso, en escritura otorgada en fecha primero de julio de 1930, y declararon tener recibidos de D. Charles M. Axtmayer, dos mil dollars por capital, con los intereses convenidos, que se hallaban garantizados en favor de D. Francisco de Paula Acuña y Paniagua, con hipoteca convenida y constituída por Doña Rosa Axtmayer con el asentimiento de su esposo Don Francisco Crescioni, que se hizo solidario de la deuda, sobre una finca urbana en Miramar, barrio de Santurce, término de San Juan de Puerto Rico, y cancelaron la hipoteca.

Presentada al registro de San Juan la primera copia de tal escritura para los fines de la cancelación, el registrador puso la siguiente nota:

"Hecha la cancelación a que se refiere este documento con vista del testamento del causante, y otros documentos entre ellos la cer-

tificación de defunción de Eduardo Acuña Aybar únicamente en cuanto a mil dollars, al folio 19, tomo 3, S. Sur, finca número 83, ins. 13a., y denegada la cancelación en cuanto a los restantes $1000, por ser de interpretación dudosa y vaga la cláusula octava del testamento, en que el causante asignó a Inés Caballer la suma de $1,000, a tomarse del crédito hipotecario que aquí se cancela, para completar su legado de $6000, porque en el caso de que dichos $1000 deban constituir una participación del derecho real hipotecario, asignada a la misma, es a ella a quien incumbe otorgar la cancelación en cuanto respecta a los mil dollars, y no a los herederos; y que en el caso de constituir una carga o aplicación del importe del crédito al cobrarse, tampoco pueden los herederos proceder a su cobro y cancelación, sin la intervención de la legataria, que en tal caso debería reputarse como una acreedora interesada en dicho producto, con arreglo a lo resuelto por el Hon. Tribunal Supremo de P. R. en el caso de *Durán* vs. *Registrador*, 40 D.P.R. 832. Se consigna además el defecto subsanable de no referirse en este documento el fallecimiento de Eduardo Acuña Aybar.''

Y contra ella se ha interpuesto el presente recurso.

██ Si se lee bien la cláusula testamentaria de que se trata, y se tiene en cuenta que el registrador debe proceder por el documento que se le presenta, y por las constancias de registro, encontramos que en la cláusula se refiere el testador a una hipoteca constituída por Don Francisco A. Crescioni; y la que se cancela fué constituída por Doña Rosa Axtmayer, si bien la deuda que se garantiza es mancomunada y solidaria de la señora Axtmayer y su esposo el señor Crescioni. Es lo más seguro que a esa hipoteca se quiso referir el testador. Pero si el funcionario de cuya nota se recurre fué tan cauteloso al estudiar la cláusula testamentaria, pudo ver esta diferencia, que quizá no sea más que aparente.

A nuestro juicio la cláusula no es obscura, ni vaga. Crea un legado de cosa determinada, y uno de cantidad, e indica de donde se ha de extraer parte de esa cantidad. Si los herederos, para pagar los seis mil dollars utilizan fondos propios, sin esperar a que se pague el crédito hipotecario, el pago está bien hecho. Dar a legatario de cantidad el carácter

de heredero o de legatario de crédito, no es acertado. Si el testador hubiera querido legar la parte del crédito, así lo hubiera expresado; no lo hizo, y el legado es de cantidad con una insinuación a los herederos en cuanto a la fuente del pago. Tan es así, que no sería lógico pensar que si el crédito hipotecario no existiera a la muerte del testador, la legataria perdería los mil dollars, lo que sí ocurriría en el caso de que fuera legataria de crédito.

No corresponde al registrador proveer a la seguridad de los interesados en un legado. El Código Civil establece las obligaciones de los herederos en lo que toca al pago de legados. La Ley Hipotecaria da a los legatarios la facilidad de las distintas anotaciones de legado. Derechos, obligaciones, garantías, nacen de esas dos leyes.

*Debe revocarse la nota recurrida, ordenándose la cancelación.*